## WITT v. CARROLL.

1. RESULTING TRUST.—A debtor made a deed of assignment for the benefit of
those of his creditors who would release their claims, and the debtor's wife
afterwards made a deed of conveyance in trust for the benefit of the credi-
tors provided for in her husband's deed of assignment. The deed of assign-
ment having been set aside and vacated, the objects and purposes of the
trusts created by the wife's deed failed, and, therefore, the trust resulted
to her.

2. VOLUNTARY DEED—ESTOPPEL.—The wife's deed being voluntary, she could
impose terms, and the terms becoming impossible, the deed fails, and the
principles of estoppel are not involved.

Before HUDSON, J., Spartanburg, November, 1891.

This was an action by Witt & Watkins and others, creditors
of L. G. Byars & Son, against Carroll & Carpenter (tenants in
possession), Mrs. S. A. Byars, and the heirs of J. A. Corry,
deceased. The opinion states the facts of the case. The master
held as follows:

The sole question of law, then, is, should the trust deed of
S. A. Byars to James A. Corry be enforced, or should it be
adjudged null and void? A trust deed is not an absolute con-
veyance, but it is a conveyance in trust for the purposes
thereby declared; and if the object of the trust fails, there is
no valid conveyance of the property embraced in the deed,
and, or at least the title, reverts to the grantor. *Gwynn* v.
*Gwynn*, 27 S. C., 543. In Hill on Trustees, it is said in sec.

342: "In expounding trusts, though created by deed, the intention of the parties is to be pursued, as much as in cases of wills."

We must, therefore, inquire what the intention of Mrs. Byars was in executing the trust deed to Corry, and what object she hoped to gain by it; and if the object of the executed trust has failed, according to the decision above, then the title must revert to the grantor. Her testimony shows that she never would have given up her property in order to pay her husband's liabilities, unless she could thereby free him from debt, and that it was only by means of the acceptances under the assignment that she could do this. This seems, under her testimony, to be conclusive of this case, and I hold that the purpose of the trust has failed, and that it cannot be enforced.

If liable on other grounds, she would not be released under the doctrine laid down in *Gwynn* v. *Gwynn*, cited above, for in that case her deed of assignment was to pay debts of her own which she erroneously thought to exist. A married woman can sell her property, and in doing so can apply the proceeds to whatever object she desires, even if that be the payment of her husband's debts.

I, therefore, recommend that the complaint be dismissed, with costs, and that the title to the property be declared to be in Mrs. S. A. Byars.

On exceptions by plaintiff to this report, the Circuit Judge decreed as follows:

On hearing the report of the master in this case, and argument of counsel on the exceptions thereto, I am satisfied that the master is right in his findings, and that his report should be confirmed. One of the principal considerations, if not the main and only consideration, which moved Mrs. Byars to make the trust deed to Corry, was to induce all the creditors of Byars & Son to accept the terms of the assignment, and to release her husband and son from further liability. In an action brought by certain of the creditors, one of the attaching creditors being one of the plaintiffs in this action, the assignment was afterwards set aside, so that now there is no assignment, and while certain of the creditors have agreed to accept what they expect

to get from the sale of the land in this action in full discharge of their debts, others have not done so. The object for making the trust deed has thus failed, and Mrs. Byars is no longer bound by it. She has never been out of possession, and has a right to make her defence in this action, begun by creditors to subject the land to the payment of the claims of all creditors who will come in and release Byars & Son.

It is, therefore, ordered and adjudged, that the report of the master be confirmed, and become the judgment of this court, and that the complaint be dismissed, with costs.

Plaintiffs appealed.

*Messrs. Duncan & Sanders, J. K. Jennings,* and *Carlisle & Hydrick,* for appellants.

*Messrs. Bomar & Simpson,* contra.

October 21, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. L. G. Byars & Son, a commercial firm which had been engaged in the mercantile business, becoming insolvent, on the 2d of December, 1887, executed a deed to J. A. Corry, purporting to be an assignment of all their property for the benefit of their creditors. The respondent, S. A. Byars, who is the wife of said L. G. Byars, learning that the assignment was likely to be attacked by the creditors of Byars & Son, made a deed to said Corry, bearing date the 3d of January, 1888, conveying certain real estate, which had previously been conveyed to her by her said husband, by a deed bearing date some time in 1885, but probated on the 3d of February, 1887, and recorded 17th of November, 1887. The conveyance to Corry was upon the following trusts: "The party of the second part (Corry) shall forthwith take possession of the premises hereinbefore conveyed, and shall proceed to sell the same at public or private sale, and upon such terms as he may think proper, and from the proceeds arising from such sale or sales, after deducting his charges for executing and carrying out this trust and all expenses incident thereto, in addition to his charges for drawing these presents, pay over the

surplus to those of the creditors of L. G. Byars & Son, in proportion to their respective claims against the said L. G. Byars & Son, who shall, within ninety days from the execution of the deed of assignment of the said L. G. Byars & Son for the benefit of their creditors, accept in writing the terms of the said assignment, and agree in writing to release the said L. G. Byars & Son from all further liability, so that those of the creditors who do accept as aforesaid shall receive the said surplus in full; and in the event that there should remain a balance of said surplus, after the payment of those of the said creditors who accept the said assignment as aforesaid, and agree to release the said L. G. Byars & Son from all further liability, then the said balance shall be paid over to those of the said creditors who do not accept as aforesaid and in proportion to their claims, and who shall release the said L. G. Byars & Son from all further liability.''

On the day after the execution of this deed, Corry addressed a circular letter to the creditors of L. G. Byars & Son, saying he had sold the stock of goods for $5,000 cash, and was prepared to pay a dividend "at any time the creditors (all of them) accepted the terms of assignment. Those who accept within ninety days from deed of assignment, will be entitled to the whole fund, if it takes so much to pay their claims in full,'' adding that he had procured a trust deed from Mrs. Byars for property said to be worth $2,500, for the benefit of all the creditors who accepted the deed of assignment and terms thereof. To this circular many, perhaps the most, of the creditors promptly replied; some simply saying that they would accept the terms of the assignment, while others, amongst whom were some of the plaintiffs in this action, through their attorneys at law, replied that they would accept and would release, unless it should be discovered that the deed of assignment does not convey all of the property of L. G. Byars & Son, while others accept, provided the assignment is not in violation of the laws of the State.

Some of the creditors, however, either made no reply or declined to accept, and soon afterwards, and before anything had been paid out under the assignment, brought an action to set

aside the assignment, and also to set aside the deed from L. G. Byars to his wife for the real estate which she had conveyed to Corry in trust as aforesaid. While this action was pending, one of the plaintiffs in the present action was prosecuting a suit to set aside the deeds from Byars to his wife, and from her to Corry, which last mentioned action was discontinued "without prejudice." The other action, however, resulted in a judgment, vacating and setting aside the assignment as null and void, and appointing a receiver of the assets of L. G. Byars & Son; but the judge who rendered that judgment held, that, in the case as presented to him, he could not consider the question as to the validity of the other deeds, and, therefore, declined to adjudge anything in relation thereto ; but dismissed the complaint as to the defendants involved in that question, without prejudice to the right of the plaintiffs to bring another action to set aside said deeds.

The trustee Corry having died before entering upon the execution of the trusts, the plaintiffs, in behalf of themselves and all other creditors of L. G. Byars & Son who will come in and contribute to the expenses, brought this action for the purpose, as is stated in the argument of counsel for appellant, "of enforcing the trust, and to bring the property into sale and to distribute the proceeds among those entitled thereto." We infer, though it is not so stated in the "Case," that the case was referred to the master to hear and determine all the issues both of fact and law, for we find his report, in which, after considering the whole case, he reaches the conclusion, that the purpose of the trust having failed, it cannot be enforced, and he, therefore, recommends that the complaint be dismissed, and that the title of the property covered by the trust deed be declared to be in the respondent, S. A. Byars. To this report the plaintiffs filed numerous exceptions, and the case having been heard by his honor, Judge Hudson, upon the report and exceptions, he rendered judgment, confirming the report and dismissing the complaint. From this judgment, plaintiffs appeal, upon the several grounds set out in the record, which, under the view we take of the case, need not be repeated here.

The plaintiffs, judging from their argument here, seem to

base their appeal largely upon the ground that the master erred in receiving the parol testimony of the respondent, S. A. Byars, as to her objects and purposes in making the trust deed. Now, while it is quite true that the master does seem to rely upon that testimony, it is not so clear that the Circuit Judge did, for he certainly made no ruling as to the competency of that testimony. But, even assuming that he did, we do not think that it at all follows that the judgment which he rendered, and which we are called upon to review, was erroneous. Without, therefore, considering the question whether that testimony was competent, and even assuming that such testimony was incompetent, although we are not to be regarded as so deciding, we think there is quite enough in the terms of the trust deed, and the testimony which is undisputed, to sustain the judgment appealed from, and we shall consider the case as if Mrs. Byars had not been examined as a witness.

It will not be disputed, we presume, that where a trust is created by deed, and the object of such trust fails, the property conveyed by the deed reverts to the grantor or his heirs by way of resulting trust. Hill Trust., § 134–5; *Gwynn* v. *Gwynn*, 27 S. C., 525. So that the inquiry here is not so much as to what was the consideration of the trust deed in this case, as seems to be assumed in the argument here, but the real questions are: first, what were the objects and purposes of the trust; and, second, whether those objects have failed, and the purposes have become impossible of execution.

Looking, then, solely to the terms of the deed, and without any regard whatever to the testimony of Mrs. Byars, it seems to us very clear that the deed shows on its face that the trusts created were intended for the benefit of two classes of the creditors of L. G. Byars & Son, the first having preference or priority over the second, viz.: 1st, those who should accept the terms of the assignment within ninety days from its execution, and also release, in writing, the said L. G. Byars & Son from all further liability; and, 2d, after the first class were satisfied in full, those who did not, before the expiration of the ninety days, accept the terms of the assignment, but who shall release the said L. G. Byars & Son from all further liability. It is

50—37

manifest, therefore, that the assignment which had been executed by Byars & Son for the benefit of their creditors, before the trust deed was executed, was an essential feature in the scheme of the trust created by said deed. When, therefore, the assignment was set aside, and declared null and void, at the instance of the creditors, the very persons in favor of whom the trust was intended to be raised, it is clear that the objects and purposes of the trust failed, and could not be carried into execution; and hence, under the rule above stated, the title to the property intended to be conveyed by the trust deed, for purposes which had become impossible of execution, reverted to and became vested in Mrs. Byars, the grantor.

We see no ground for the estoppel claimed in the seventeenth and eighteenth exceptions.[1] Mrs. Byars was in no way liable for the debts of L. G. Byars & Son, and, being a married woman, could not by any act or declaration assume such liability. But the point which, as we understand it, is made, is that, while she could not assume such liability, yet having the absolute power of disposal over her own property, she could by deed appropriate it to the payment of the debts of her husband, or to any other purpose which she saw fit. Granting this to be so, for the purposes of this case, though we are not to be understood as deciding the point, yet being under no legal obligation to make such an appropriation of her separate property, her act in doing so would be purely voluntary, and, therefore, she would have the right to impose any terms which she saw fit; and if the terms imposed are not, and can not, be complied with, of course, the appropriation fails.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

---

[1] 17. Because of error in not holding that Mrs. Byars was estopped by the recitals in her deed, as well as by her acts and conduct, from seeking to set it aside in these proceedings.

18. Because of error in not holding that Mrs. Byars, having induced the accepting creditors to agree to release L. G. Byars & Son from all further liability upon a valuable as well as a good consideration, is now estopped from seeking to cancel her deed and to recover the property described therein.